UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK MEJEAN and | ) | CAUSE NO. 2:13-cr-      -01 |
| ANTONNETTE MEJEAN, | ) |                              -02 |
| | ) | |
| Defendants, | ) | |

2:13-cr-0019 JMS-CMM

## INDICTMENT

The Grand Jury charges that:

From on or about January 1, 2009 through April 24, 2013, in the Southern District of Indiana, Terre Haute Division, and elsewhere, FRANK MEJEAN and ANTONNETTE MEJEAN, with the intent to defraud, devised the below-described scheme and artifice to defraud, and did knowingly cause to be transmitted by means of wire communication in interstate commerce a writing for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 2, as set forth more specifically below. FRANK MEJEAN and ANTONNETTE MEJEAN are punishable both as principals and aiders and abettors pursuant to Title 18, United States Code, Section 2.

### Background

A.  Township Government

1.  Indiana law recognizes township government as a local unit of government. Townships are geographic and political subdivisions of a county.

2.  Indiana law authorizes a Township Trustee to serve as the head of township government. The Township Trustee is an elected position. The Township Trustee has specific

1

duties to perform, including receiving and paying out township funds, providing and maintaining cemeteries, maintaining township parks and community centers, and providing poor relief.

3. Indiana law permits a Township Trustee to hire a Township Clerk to assist with meeting the Township Trustee's responsibilities.

4. The Township Trustee receives the money to perform his or her responsibilities ("township funds") through a financial disbursement from the county. The county releases money to the Township Trustee twice per year. Indiana law permits the Township Trustee to use these funds to perform township services and to pay the salaries for the Township Trustee and Township Clerk. Indiana law prohibits the Township Trustee from using these funds for his or her personal benefit beyond the salary allotted to the Township Trustee.

5. The salaries that the Township Trustee and Township Clerk may receive are fixed by the Township Advisory Board in accordance with Indiana law.

6. Indiana law requires the Township Trustee to issue all payments made on behalf of the township from separate township funds. Indiana law prohibits the Township Trustee from commingling township funds with personal funds and paying township bills from personal accounts.

7. Indiana law requires the Township Trustee to maintain an abstract of receipts and expenditures, which shows the money in township funds at the beginning and end of the year and a statement of expenditures of the township funds. The Township Trustee is required to provide the financial and appropriation record to the Indiana State Board of Accounts for auditing purposes.

B. Frank Mejean and Antonnette Mejean

1. From January 1, 2009 through April 24, 2013, FRANK MEJEAN acted as the Township Trustee for Jefferson Township, Indiana. Jefferson Township is located within Sullivan County, Indiana.

2. FRANK MEJEAN hired his wife, ANTONNETTE MEJEAN, to act as the Township Clerk and as the Township Investigator for Jefferson Township.

3. FRANK MEJEAN hired ANTONNETTE MEJEAN to perform a lawn maintenance contract for Jefferson Township.

### The Scheme and Artifice to Defraud

1. FRANK MEJEAN and ANTONNETTE MEJEAN misappropriated Jefferson Township funds for their personal benefit in the following manner:

   a. FRANK MEJEAN and ANTONNETTE MEJEAN overpaid FRANK MEJEAN for his salary as Township Trustee.

   b. FRANK MEJEAN and ANTONNETTE MEJEAN overpaid ANTONNETTE MEJEAN for her salaries as Township Clerk and Township Investigator.

   c. FRANK MEJEAN and ANTONNETTE MEJEAN overpaid ANTONNETTE MEJEAN for her services in performing her lawn maintenance contract for Jefferson Township.

   d. FRANK MEJEAN and ANTONNETTE MEJEAN used checks from the Jefferson Township checking account to pay personal expenses and expenses relating to FRANK MEJEAN's business, known as Frank Mejean Plumbing.

2. FRANK MEJEAN and ANTONNETTE MEJEAN submitted false financial documents to the Indiana State Board of Accounts to cover up their improper expenditure of township funds and obstruct the efforts of the Indiana State Board of Accounts to audit their use of township funds.

## Purpose of the Scheme and Artifice to Defraud

The purposes of the scheme and artifice to defraud were (1) to enrich FRANK MEJEAN and ANTONNETTE MEJEAN through the diversion of money appropriated to them by the State of Indiana for the benefit of Jefferson Township and (2) to conceal the diversion of public money from the Indiana State Board of Accounts.

## Overt Acts

FRANK MEJEAN and ANTONNETTE MEJEAN committed the following overt acts, among others, in furtherance of the scheme and artifice to defraud:

1. FRANK MEJEAN and ANTONNETTE MEJEAN overpaid FRANK MEJEAN for his salary as Township Trustee in the following amounts:

   a. In 2009, FRANK MEJEAN received salary payments of approximately $23,143.63 from Jefferson Township funds. FRANK MEJEAN's approved salary for 2009 was $9,800, resulting in an overpayment of approximately $13,343.63.

   b. In 2010, FRANK MEJEAN received salary payments of approximately $12,807.32 from Jefferson Township funds. FRANK MEJEAN's approved salary for 2010 was $9,800, resulting in an overpayment of approximately $3,007.32.

   c. In 2011, FRANK MEJEAN received salary payments of approximately $25,578.42 from Jefferson Township funds. FRANK MEJEAN's approved salary for 2011 was $10,200, resulting in an overpayment of approximately $15,378.42.

   d. In 2012, FRANK MEJEAN received salary payments of approximately $12,503.76 from Jefferson Township funds. FRANK MEJEAN's approved salary for 2012 was $10,200, resulting in an overpayment of approximately $2,303.76.

  2. FRANK MEJEAN and ANTONNETTE MEJEAN overpaid ANTONNETTE MEJEAN for her salaries as Township Clerk and Township Investigator in the following amounts:

   a. In 2008, ANTONNETTE MEJEAN received a salary advance upon her 2009 salary of approximately $3,100 from Jefferson Township funds. In 2009, ANTONNETTE MEJEAN received additional salary payments of approximately $5,991.10 from Jefferson Township funds. ANTONNETTE MEJEAN's approved salary for 2009 was $3,000, resulting in an overpayment of approximately $6,091.10.

   b. In 2010, ANTONNETTE MEJEAN received salary payments of approximately $3,162.32 from Jefferson Township funds. ANTONNETTE MEJEAN's approved salary for 2010 was $3,000, resulting in an overpayment of approximately $162.32.

   c. In 2011, ANTONNETTE MEJEAN received salary payments of approximately $5,339.98 from Jefferson Township funds. ANTONNETTE MEJEAN's approved salary for 2011 was $3,100, resulting in an overpayment of approximately $2,239.98.

   d. In 2012, ANTONNETTE MEJEAN received salary payments of approximately $4,475.71 from Jefferson Township funds. ANTONNETTE MEJEAN's approved salary for 2012 was $3,100, resulting in an overpayment of approximately $1,375.71.

3. FRANK MEJEAN and ANTONNETTE MEJEAN overpaid ANTONNETTE MEJEAN for her services in performing her lawn maintenance contract for Jefferson Township in the following amounts:

   a. In 2009, ANTONNETTE MEJEAN received payments attributed to her lawn maintenance contract for 2009 of approximately $34,587.76 from Jefferson Township funds. ANTONNETTE MEJEAN's approved lawn maintenance contract authorized her to receive $22,900 for performing this contract in 2009, resulting in an overpayment of approximately $11,687.76.

   b. In 2010, ANTONNETTE MEJEAN received payments attributed to her lawn maintenance contract for 2010 of approximately $14,933 from Jefferson Township funds. ANTONNETTE MEJEAN's approved lawn maintenance contract authorized her to receive $9,800 for performing this contract in 2010, resulting in an overpayment of approximately $5,133.

   c. In 2011, ANTONNETTE MEJEAN received payments attributed to her lawn maintenance contract for 2011 of approximately $12,903.32 from Jefferson Township funds. ANTONNETTE MEJEAN's approved lawn maintenance contract authorized her to receive $10,100 for performing this contract in 2011, resulting in an overpayment of approximately $2,803.32.

4. On or about November 5, 2009, FRANK MEJEAN wrote check number 3951 from the Jefferson Township checking account to ANTONNETTE MEJEAN in the amount of $1,400. The check was cashed by ANTONNETTE MEJEAN. FRANK MEJEAN and ANTONNETTE MEJEAN wrote into documents that they submitted to the Indiana State Board

of Accounts that the check covered the payment of the Township's gas bill to Correll's LP Gas. The gas bill, however, remained unpaid.

5. On or about January 10, 2012, FRANK MEJEAN wrote check number 4278 from the Jefferson Township checking account to FRANK MEJEAN in the amount of $2,347.61. FRANK MEJEAN cashed the check and purchased a money order in the amount of approximately $2,347.61. On January 11, 2012, FRANK MEJEAN used the money order to satisfy tax warrants issued by the State of Indiana to Frank Mejean Plumbing in the amounts of $1,287.60 and $1,060.01, respectively. After satisfying the tax warrants, FRANK MEJEAN obtained receipts from the Sullivan County Sheriff indicating that he had satisfied the tax warrants. ANTONNETTE MEJEAN submitted these receipts to the Indiana State Board of Accounts along with a handwritten notation that she had used the money from check number 4278 to satisfy outstanding tax warrants issued against Jefferson Township.

6. On or about June 12, 2012, FRANK MEJEAN withdrew $3,154 from the Jefferson Township checking account. On the same date, FRANK MEJEAN purchased a cashier's check in the amount of $3,000 from First Financial Bank and submitted it to the United States Treasury to satisfy quarterly tax payments for Frank Mejean Plumbing. ANTONNETTE MEJEAN advised the Indiana State Board of Accounts that this was a legitimate township expense, but did not produce any supporting documentation.

7. On or about June 25, 2012, FRANK MEJEAN drew cashier's check number 5102 on funds maintained in the Jefferson Township checking account in the amount of $797.12. FRANK MEJEAN submitted the cashier's check to Tieman Tires, which satisfied both a debt of $767.12 that Frank Mejean Plumbing owed to Tieman Tires and a $25.00 fee imposed when FRANK MEJEAN attempted to pay Tieman Tires with a check drawn from the Frank Mejean

Plumbing Account which contained insufficient funds. ANTONNETTE MEJEAN advised the Indiana State Board of Accounts that this was a legitimate township expense, but did not produce any supporting documentation.

8. On or about June 25, 2012, FRANK MEJEAN drew cashier's check number 5100 on funds maintained in the Jefferson Township checking account in the amount of $1,133.60. FRANK MEJEAN submitted the cashier's check to the Indiana Farm Bureau, which satisfied both a debt of $1,113.60 that Frank Mejean Plumbing owed to the Indiana Farm Bureau and $20.00 of a $25.00 fee imposed when FRANK MEJEAN attempted to pay the Indiana Farm Bureau with a check drawn from the Frank Mejean Plumbing Account which contained insufficient funds. ANTONNETTE MEJEAN advised the Indiana State Board of Accounts that this was a legitimate township expense, but did not produce any supporting documentation.

9. On or about December 14, 2012, FRANK MEJEAN drew a check on funds maintained in the Jefferson Township checking account held at Regions Bank in the amount of $1,000. FRANK MEJEAN submitted the check to the Main Source Bank to make a mortgage payment on the residence that he shares with ANTONNETTE MEJEAN. ANTONNETTE MEJEAN advised the Indiana State Board of Accounts that this was a legitimate township expense, but did not produce any supporting documentation.

10. On or about December 14, 2012, FRANK MEJEAN drew a check on funds maintained in the Jefferson Township checking account held at Regions Bank in the amount of $3,700. FRANK MEJEAN deposited the check into a business account maintained by Frank Mejean Plumbing at the Crane Federal Credit Union. ANTONNETTE MEJEAN advised the Indiana State Board of Accounts that this was a legitimate township expense, but did not produce any supporting documentation.

## COUNT ONE

1.  The Background, The Scheme and Artifice to Defraud, Purpose of the Scheme and Artifice to Defraud, and Overt Acts of the Indictment are realleged and expressly incorporated by reference.

2.  On or about June 12, 2012 through June 19, 2012, in the Southern District of Indiana and elsewhere, FRANK MEJEAN and ANTONNETTE MEJEAN, defendants herein, having devised the above-described scheme and artifice, for the purpose of executing such scheme and artifice, knowingly caused writings or pictures to be transmitted by means of wire communications in interstate commerce; to-wit, as Overt Act 6 of this Indictment indicates, FRANK MEJEAN used funds from the Jefferson Township checking account to purchase a cashier's check from First Financial Bank in the amount of $3,000 and submitted it to the United States Department of Treasury on or about June 12, 2012. The United States Department of Treasury deposited the check at US Bank NA. On or about June 18, 2012, US Bank NA transmitted a copy of the check from St. Paul, Minnesota to the Federal Reserve Bank in Atlanta by means of a wire communication to obtain payment for the check. On or about June 19, 2012, the check cleared the Federal Reserve Bank in Atlanta, Georgia.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

1.  The Background, The Scheme and Artifice to Defraud, Purpose of the Scheme and Artifice to Defraud, and Overt Acts of the Indictment are realleged and expressly incorporated by reference.

2. On or about December 14, 2012, in the Southern District of Indiana and elsewhere, FRANK MEJEAN and ANTONNETTE MEJEAN, defendants herein, having devised the above-described scheme and artifice, for the purpose of executing such scheme and artifice, knowingly caused writings or pictures to be transmitted by means of wire communications in interstate commerce; to-wit, as Overt Act 9 of this Indictment indicates, FRANK MEJEAN obtained a check from the Jefferson Township checking account in the amount of $1,000 and submitted it to the Main Source Bank, a subdivision of Mainsource Financial Group on or about December 14, 2012. On or about December 14, 2012, the Mainsource Financial Group transmitted a copy of the check from Greensburg, Indiana to US Bank NA in St. Paul, Minnesota by means of a wire communication to obtain payment for the check.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

1. The Background, The Scheme and Artifice to Defraud, Purpose of the Scheme and Artifice to Defraud, and Overt Acts of the Indictment are realleged and expressly incorporated by reference.

2. On or about December 14, 2012, in the Southern District of Indiana and elsewhere, FRANK MEJEAN and ANTONNETTE MEJEAN, defendants herein, having devised the above-described scheme and artifice, for the purpose of executing such scheme and artifice, knowingly caused writings or pictures to be transmitted by means of wire communications in interstate commerce; to-wit, as Overt Act 10 of this Indictment indicates, FRANK MEJEAN obtained a check from the Jefferson Township checking account in the amount of $3,700 and deposited it in the Crane Federal Credit Union on or about December 14, 2012. On or about

December 17, 2012, the Crane Federal Credit Union transmitted a copy of the check from Odon, Indiana to the Federal Reserve Bank in Atlanta, Georgia by means of a wire communication to obtain payment for the check.

All in violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL:

███████████████

FOREPERSON

JOSEPH H. HOGSETT
United States Attorney

By: *[signature]*

Bradley A. Blackington
Assistant United States Attorney